**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Andino,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-17-02766-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for continuance and motion for appointment of counsel (filed by Plaintiff's mother under a power of attorney). (Doc. 18).

There is no constitutional right to appointment of counsel in a civil case. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion to allow litigants to proceed *in forma pauperis* and to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). In order to determine whether exceptional circumstances exist, the Court evaluates the plaintiff's "'likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Richard v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Wilborn*, 789 F.2d at 1331. Neither factor is determinative, and the Court must consider both factors before reaching a

decision on a request for appointment of counsel. *See Wilborn*, 789 F.2d at 1331.

Here, because the Administrative Law Judge ("ALJ") has already determined that Plaintiff is not entitled to benefits, her likelihood of success on appeal is not high (however, the Court has not actually reviewed the merits of this case at this point in time as neither party has filed their briefs for the appeal). Further, although Plaintiff currently has a medical condition, based on this Court's prior hearing with Plaintiff (Doc. 8), and Plaintiff's prior correspondence with the Court (Doc. 16), Plaintiff is capable of articulating her claims pro se. Additionally, because the ALJ's opinion already addresses the evidence, the legal issues in this case are not complex. Therefore, the Court does not find exceptional circumstances and the motion for appointment of counsel will be denied.[1]

Because of Plaintiff's current medical condition, the Court will grant Plaintiff a further continuance of time to file her opening brief. Thus,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (part of Doc. 18) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time (part of Doc. 18) is granted such that Plaintiff must file her opening brief by June 11, 2018.

Dated this 16th day of May, 2018.

James A. Teilborg
Senior United States District Judge

---

[1] To the extent Plaintiff herself, rather than her mother, wants counsel, there are many attorneys in Phoenix who may be willing to take her case on a contingency fee basis. Plaintiff is encouraged to contact such attorneys since the Court will not be providing her with pro bono counsel.

- 2 -