**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lori Andino, | No. CV-17-02766-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Lori Andino's ("Plaintiff") appeal from the Social Security Commissioner's (the "Commissioner") denial of her application for a period of disability and Supplemental Security Income ("SSI") under the Social Security Act. (Doc. 1 at 2).

As a preliminary matter, the Court notes that Plaintiff filed this action *pro se*. (*See* Doc. 1). However, in addition to filing motions for extension of time and appointment of counsel on Plaintiff's behalf, (Doc. 18), Plaintiff's mother, Joann Andino, filed Plaintiff's Opening Brief, (Doc. 20). There is no indication that Joann Andino is admitted to the State Bar of Arizona nor admitted to practice before the United States District Court for the District of Arizona. As Joann Andino is not an attorney, she cannot represent Plaintiff's interests in this litigation. *See Pope Equity Trust v. U.S.*, 818 F.2d 696, 697–98 (9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own behalf, . . . he has no authority to appear as an attorney for others than himself.") (citations omitted). This is true even though Joann Andino has received a power of

attorney over Plaintiff's affairs.[1] *See Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *Ryan v. Hyden*, No. 12-CV-1489-MMA-BLM, 2012 WL 4793116, at *4 (S.D. Cal. Oct. 9, 2012), *aff'd*, 582 F. App'x 699 (9th Cir. 2014). Accordingly, the Court may dismiss this action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Although the language of Rule 41(b) appears to require a motion to dismiss from the defendant, the Supreme Court recognized in *Link v. Wabash Railroad Co.* that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–31 (1962). Moreover, in appropriate circumstances, the Court may dismiss an action for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of her case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citation omitted). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of the case. In addition to neglecting to file an Opening Brief herself, Plaintiff has repeatedly failed to actively participate in this action, as demonstrated from her failure to return the service packets per the Court's Order of August 23, 2017, (Doc. 6), her failure to file her Opening Brief

---

[1] It appears that Plaintiff executed a Durable Unlimited Power of Attorney in September 2016 granting her mother, Joann Andino, power to act as her attorney-in-fact. (Doc. 18 at 2–4).

by March 9, 2018 pursuant to the Court's Order of August 17, 2017, (Doc. 15), and her failure to appear at the Show Cause hearing held on April 5, 2018, (Doc. 17). The fourth factor, as always, weighs against dismissal.

The fifth factor requires the Court to consider whether a less drastic alternative is available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication on the merits "unless the dismissal order states otherwise." In the instant case, a dismissal without prejudice will essentially operate the same as a dismissal with prejudice because Plaintiff's sixty day window from the date of the Commissioner's final decision within which she must appeal has now closed. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."). Nonetheless, as a less drastic option the Court will consider, in the alternative, Plaintiff's Opening Brief on the merits, despite the fact that it was prepared and filed by Joann Andino. Accordingly, the Court dismisses this case with prejudice for failure to prosecute pursuant to Rule 41(b).

In the alternative, it is possible that Plaintiff's mother, Joann Andino, is Plaintiff's guardian *ad litem* or other duly appointed representative with the authority to file Plaintiff's Opening Brief on Plaintiff's behalf. While the Court is unaware of any such arrangement, the Court now rules, in the alternative, on Plaintiff's appeal on the merits.

## I.    BACKGROUND

The parties are familiar with the background information in this case, and it is summarized in the ALJ's decision. (*See* Doc. 14-3 at 26–37). Accordingly, the Court will reference the background only as necessary to the analysis below.

## II.    LEGAL STANDARD

The ALJ's decision to deny disability benefits may be overturned "only when the ALJ's findings are based on legal error or not supported by substantial evidence in the

record." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citing *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990)).

"The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984) (citation omitted). "Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld; and in reaching his findings, the ALJ is entitled to draw inferences logically flowing from the evidence." *Gallant*, 753 F.2d at 1453 (citations omitted); *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This is because "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *see Benton*, 331 F.3d at 1035 ("If the evidence can support either outcome, the Commissioner's decision must be upheld.").

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Thus, if on the whole record before the Court, substantial evidence supports the ALJ's decision, the Court must affirm it. *See Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989); *see also* 42 U.S.C. § 405(g). On the other hand, the Court "may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

Notably, the Court is not charged with reviewing the evidence and making its own judgment as to whether Plaintiff is or is not disabled. Rather, it is a "fundamental rule of administrative law" that a reviewing court, in dealing with a judgement which an administrative agency alone is authorized to make, may only make its decision based

upon evidence discussed by the ALJ. *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947). Thus, the Court's inquiry is constrained to the reasons asserted by the ALJ and the evidence relied upon in support of those reasons. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *Frank v. Schultz*, 808 F.3d 762, 764 (9th Cir. 2015). Similarly, when challenging an ALJ's decision, "issues which are not specifically and distinctly argued and raised in a party's opening brief are waived." *Arpin v. Santa Clara Valley Trans. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (citing *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1110 n.1 (9th Cir. 2000) (en banc), *vacated and remanded on other grounds*, 535 U.S. 391 (2002)); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009) (applying the principle to Social Security appeals). Accordingly, the Court "will not manufacture arguments for an appellant." *Arpin*, 261 F.3d at 919 (citation omitted).

### A. Definition of a Disability

A claimant can qualify for Social Security disability benefits only if she can show that, among other things, she is disabled. 42 U.S.C. § 423(a)(1)(E). A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A).

A person is disabled only if her "physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

### B. The Five-Step Evaluation Process

The Social Security regulations set forth a five-step sequential process for evaluating disability claims. 20 C.F.R. § 404.1520(a)(4); *see also Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). A finding of "not disabled" at any step in the sequential process will end the inquiry. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden

of proof at the first four steps, but the burden shifts to the Commissioner at the final step. *Reddick*, 157 F.3d at 721. The five steps are as follows:

First, the ALJ determines whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.*

At the second step, the ALJ next considers whether the claimant has a "severe medically determinable physical or mental impairment." 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have a severe impairment, then the claimant is not disabled. *Id.* § 404.1520(c). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* Basic work activities are the "abilities and aptitudes to do most jobs," such as lifting, carrying, reaching, understanding, carrying out and remembering simple instructions, responding appropriately to co-workers, and dealing with changes in routine." *Id.* § 404.1521(b). Additionally, unless the claimant's impairment is expected to result in death, "it must have lasted or must be expected to last for a continuous period of at least 12 months" for the claimant to be found disabled. *Id.* § 404.1509.

Third, having found a severe impairment, the ALJ then considers the severity of the claimant's impairment. *Id.* § 404.1520(a)(4)(iii). This requires the ALJ to determine if the claimant's impairment "meets or equals" one of the impairments listed in the regulations. *Id.* If so, then the ALJ will find that the claimant is disabled. *Id.* If the claimant's impairment does not meet or equal a listed impairment, then the ALJ will assess the claimant's "residual functional capacity based on all the relevant medical and other evidence in [the claimant's] case record." *Id.* § 404.1520(e). In assessing the claimant's "residual functional capacity" ("RFC"), the ALJ will consider the claimant's "impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what [the claimant] can do in a work setting. A claimant's RFC is the most the claimant can still do despite the effects of all the claimant's medically determinable impairments, including those that are not severe. *Id.* § 404.1545(a)(1).

At step four, the ALJ determines whether, despite her impairments, the claimant can still perform "past relevant work." *Id.* § 404.1520(a)(4)(iv). To do this, the ALJ compares the claimant's residual function capacity with the physical and mental demands of the claimant's past relevant work." *Id.* § 404.1520(f). If the claimant can still perform her past relevant work, the ALJ will find that the claimant is not disabled. *Id.* § 1520(a)(iv). Otherwise, the ALJ proceeds to the final step.

At the fifth and final step, the ALJ considers whether the claimant "can make an adjustment to other work" that exists in the national economy. *Id.* § 404.1520(a)(4)(v). In making this determination, the ALJ considers the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(g)(1). If the ALJ finds that the claimant can make an adjustment to other work, then the claimant is not disabled. *Id.* § 404.1520(a)(4)(v). However, if the ALJ finds that the claimant cannot make an adjustment to other work, then the claimant is disabled. *Id.*

In evaluating the claimant's disability under this five-step process, the ALJ must consider all evidence in the case record. *Id.* § 404.1520(a)(3). This includes medical opinions, records, self-reported symptoms, and third-party reporting. *See id.* §§ 404.1527; 404.1529; SSR 06–3p, 71 Fed. Reg. 45593-03 (Aug. 9, 2006).

## C.   The ALJ's Evaluation under the Five Step Process

In step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since Jun 13, 2013, the date on which Plaintiff filed an application for SSI. (Doc. 14-3 at 28). At step two, the ALJ ascertained that Plaintiff had the following severe impairments: posttraumatic stress disorder (PTSD), anxiety disorder, bipolar disorder, attention deficit hyperactivity disorder (ADHD), and opioid use disorder. (*Id.* at 29). Under the third step, the ALJ determined that the severity of Plaintiff's impairments, singly and in combination, did not meet or medically equal the severity of the impairments listed in the Social Security Regulations. (*Id.*).

Before moving on to step four, the ALJ conducted an RFC determination after careful consideration of the entire record. (*Id.* at 31). The ALJ found that Plaintiff "has

the residual functional capacity to perform a full range of work at all exertional levels," but noted that she "is limited to unskilled work that can be learned on the job in 30 days or less." (*Id.*). The ALJ specified:

> The claimant is able to carry out simple instructions and make simple decisions. The claimant would have moderate (defined as affecting the ability to function but the individual can still function satisfactorily) difficulty carrying out detailed instructions, sustaining concentration, performing activities within a schedule, working in coordination with others, and completing a normal workweek at a consistent pace. The claimant is polite and compliant. The claimant has no limitations in adapting to change.

(*Id.*).

At step four, the ALJ found that Plaintiff had no past relevant work. (*Id.* at 36). Finally, the ALJ concluded at step five that based on Plaintiff's RFC, age, education, and work experience, Plaintiff could perform significant numbers of jobs existing in the national economy, including kitchen helper, hospital cleaner, hand packer, housekeeper, and router. (*Id.* at 36–37). Consequently, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (*Id.* at 37).

## III. ANALYSIS

At issue is whether the ALJ's decision is supported by substantial evidence and free of harmful legal error. *Benton*, 331 F.3d at 1035. In her Opening Brief, Plaintiff[2] did not raise any specific arguments demonstrating error by the ALJ or make any claim that the ALJ's decision was not supported by substantial evidence. (*See* Doc. 20 at 2). Rather, Plaintiff argues that her denial of benefits should be overturned because her disability claim "contains overwhelming evidence of mental disability and inability to function at a work place." (Doc. 20 at 1). In support of this contention, Plaintiff attaches eight exhibits which Plaintiff characterizes as "medical evidence from many doctors and hospitals as to all of the conditions she has been diagnosed with." (*Id.*).

---

[2] For the sake of the alternative "merits" ruling, the Court will refer to the Opening Brief (Doc. 20) as though it were prepared by Plaintiff (rather than Joann Andino) throughout the remainder of this Order.

**A.    Whether the Court May Review the Exhibits Attached to Plaintiff's Opening Brief**

Upon review of the Commissioner's final decision, the "court shall have power to enter, *upon the pleadings and transcript of the record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (emphasis added). Accordingly, the Court cannot "affirm, modify, or reverse" the Commissioner's final decision based upon evidence not included in the transcript of record. However, the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g); *see also Orteza v. Shalala*, 50 F.3d 748, 751 (9th Cir. 1994). Evidence is material if it bears "directly and substantially on the matter in dispute." *Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984). "Good cause can be shown where no party will be prejudiced by the acceptance of additional evidence[.]" *Johnson v. Schweiker*, 656 F.2d 424, 426 (9th Cir. 1981) (internal quotations omitted) (citation omitted); *see also Burton*, 724 F.2d at 1418 (holding that the "fact that the evidence did not exist at the time of the ALJ's decision establishes good cause for [the plaintiff's] failure to introduce it before the ALJ").

Notably, four of the eight exhibits which Plaintiff attaches to her Opening Brief are already in the Administrative Record and, thus, were previously considered by the ALJ and/or Appeals Council below. Specifically, the Administrative Record already includes: Exhibit 2, letter from Gary Prince, M.D., dated July 7, 2016 (Doc. 14-8 at 169); Exhibit 3, letter from Rosemary Wilson, M.D., dated May 10, 2014 (Doc. 14-8 at 143–47); Exhibit 4, letter from Artemiz Adkins, DDS, dated April 6, 2016 (Doc. 14-3 at 22); and Exhibit 6, discharge paperwork from St. Luke's Medical Center, dated September 30, 2016 (Doc. 14-3 at 10).

As to the other four exhibits, (Exhibits 1, 5, 7–8), Plaintiff has not shown that this

new evidence is material, nor demonstrated good cause for her failure to incorporate this evidence into the record in a prior proceeding. *See* 42 U.S.C. § 405(g). Regarding Exhibit 1, a letter from D. John Andino dated September 1, 2007 (Doc. 20 at 4–7), Plaintiff has not demonstrated good cause for her failure to incorporate this evidence into the Administrative Record during the proceedings below, as it is dated well before the ALJ's decision on March 23, 2016. Nor does the court find that Exhibit 1 is material, as Plaintiff has not shown "a reasonable possibility that the new evidence would have changed the outcome of the determination." *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010) (internal quotations omitted) (citations omitted).

Exhibits 5, 7, and 8 are each dated after the ALJ's decision on March 23, 2016.[3] Exhibits 5 and 8, in particular, contain documentation from two psychiatric health facilities after Plaintiff allegedly had "mental breakdowns" in August–September 2016, and in April–May 2018. (Doc. 20 at 2). While there may be good cause for Plaintiff's failure to incorporate this evidence into the Administrative Record below as the evidence did not exist at the time of the ALJ's decision, *see Burton*, 724 F.2d at 1418, Plaintiff has not shown how any of these exhibits demonstrate that Plaintiff was disabled beginning on or before March 23, 2016. Accordingly, this evidence is not material as it does not relate to the period at issue. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 511 (9th Cir. 1987) (New evidence is material if it is probative of the claimant's condition "at or before the disability hearing"). As Plaintiff has failed to demonstrate how the new evidence submitted to the Court is material, the Court rejects Plaintiff's newly submitted evidence (Exhibits 1, 5, 7–8, Doc. 20 at 19–24, 28–30, 32–33). If Plaintiff wishes to rely on post-decision evidence, she may file a new application for benefits based on that evidence. *See Sanchez*, 812 F.2d at 512.

---

[3] Exhibit 5, the documentation from Urgent Psychiatric Care, is dated September 10, 2016, (Doc. 20 at 19), and September 16, 2016, (Doc. 20 at 20–24). Exhibit 7, the verification of disability form, is dated December 1, 2016. (Doc. 20 at 28). Exhibit 8, the Discharge Plan from Quail Run Behavioral Health, is dated May 8, 2018. (Doc. 20 at 32–33).

**B.    Plaintiff's Failure to Make Specific Arguments Demonstrating Error by the ALJ**

Plaintiff did not raise any specific arguments alleging error by the ALJ nor make any claim that the ALJ's decision was not supported by substantial evidence. (*See* Doc. 20 at 2). The Court recognizes that "a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). Nevertheless, the Court will not address issues that are not argued with any specificity. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008). A general allegation that the Commissioner committed legal error, or that the Commissioner's determination is not supported by substantial evidence, is insufficient to raise that issue for review. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (internal citation omitted) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . ."). Therefore, the Court affirms the ALJ's decision denying Plaintiff's claim.

///
///
///
///
///
///
///
///
///
///
///

IV. **CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that this action is **DISMISSED WITH PREJUDICE** for failure to prosecute, and the clerk of the court shall enter judgment accordingly and terminate this case.

In the alternative, **IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security is **AFFIRMED**.

Dated this 19th day of October, 2018.

James A. Teilborg
Senior United States District Judge